**Dean S. BREWER, et al., Plaintiffs,**

v.

**CITY OF WAUKESHA, WISCONSIN, Defendant.**

**Civ. A. No. 87–C–0606.**

United States District Court, E.D. Wisconsin.

Aug. 19, 1988.

Thomas R. Woodley, Gregory K. McGillivary, Washington, D.C., Timothy E. Hawks, Milwaukee, Wis., for plaintiffs.

Michael R. Wherry, Robert W. Mulcahy, Mary A. Moore, Curt R. Meitz, Milwaukee, Wis., for defendant.

## ORDER

REYNOLDS, Senior District Judge.

Plaintiffs brought the above-entitled action seeking declaratory judgment that the defendant's treatment of plaintiffs' sleep and meal time as noncompensable hours of work, for purposes of calculating overtime, is in violation of plaintiffs' statutory en-

titlement to overtime as provided under § 7(k) of the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 207(k). Plaintiffs also seek a permanent injunction, back pay and liquidated damages. The parties have filed cross-motions for summary judgment. The court has considered the parties' positions and will grant the plaintiffs' motion for summary judgment and will deny the defendant's motion for summary judgment.

## FACTS

Plaintiffs are employed by defendant City of Waukesha, Wisconsin as firefighters. In 1985, defendant and plaintiffs' collective bargaining representative, Local 407 of the International Association of Fire Fighters ("IAFF"), were negotiating a collective bargaining agreement. On March 1, 1985, IAFF filed a Petition for Final and Binding Arbitration, pursuant to Wis.Stat. § 111.77. On November 25, 1985, the defendant submitted a final offer which included, for the first time, a proposal to extend the plaintiffs' regularly scheduled work hours by ten minutes. Thus, the defendant proposed a rotating schedule of 24 hours and 10 minutes on duty, 23 hours and 50 minutes off duty, 24 hours and 10 minutes on duty, 23 hours and 50 minutes off duty, 24 hours 10 minutes on duty and 95 hours 50 minutes off duty. In addition to extending the shift, the proposal also excluded sleep and meal time as compensable time for purposes of calculating overtime. Sleep and meal time would be compensated as straight time.

The IAFF informed the defendant that it rejected the defendant's proposal. Discussions regarding the defendant's final offer were apparently scheduled, but no resolution was reached. The matter proceeded to arbitration pursuant to Wisconsin state law. An arbitration hearing was held on September 4–5, 1986. At the hearing, counsel for IAFF argued that the defendant's proposal violated the FLSA because it excluded firefighters' sleep and meal time as compensable hours of work for purposes of computing overtime. IAFF also presented a petition signed by the firefighters which stated that the firefighters did not agree to the defendant's proposal to extend the shift to 24 hours and 10 minutes. The defendant had obtained, and presented at the hearing, a letter from the Department of Labor which stated that the defendant's proposal complied with the FLSA, provided that the exclusion of sleep and meal time was expressly or impliedly agreed to by the employees and their employer. On March 3, 1987, the arbitrator issued his decision which adopted the defendant's proposal.

IAFF did not appeal the arbitrator's decision, but the union did refuse to sign the collective bargaining agreement. The defendant filed a prohibited practice charge against the union and, on July 21, 1987, approximately two months after this action was filed, the agreement was signed. However, in signing the agreement, the union added a footnote which stated that:

> The execution of this agreement does not constitute an express or implied agreement by the Union that the provisions of Article 6, Hours/Duties, as they regard the treatment of uninterrupted sleep time and meal time as noncompensatory hours of work, under the FLSA (time and one-half) constitute lawful provisions.

The effective date of implementation of the agreement is March 23, 1987. Since that day, the firefighter's sleep and meal time have not been counted as compensable hours for purposes of calculating overtime pay.

## LEGAL ARGUMENTS AND ANALYSIS

■ The issue before the court is whether, as required by the FLSA, the plaintiffs have expressly or impliedly agreed to the exclusion of sleep and meal time as compensable hours for the purpose of calculating overtime. The plaintiffs contend that no express or implied agreement exists. The defendant argues that the arbitrator's decision, and the union's failure to appeal the decision, creates an express agreement. Plaintiffs reply that Wisconsin impasse resolution procedures are preempted by the FLSA because they operate to exclude sleep and meal time hours without the agreement of the individual firefighters. Defendant responds that Wisconsin law is

not preempted because it supplements and does not conflict with the FLSA.

Section 207(k) of Title 29 of the United States Code is applicable to employees of public agencies engaged in fire protection activities. *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). Section 207(k) provides in pertinent part:

> (k) No public agency shall be deemed to have violated subsection (a) with respect to the employment of any employee in fire protection activities.... if—
>
> \* \* \* \* \* \*
>
> (2) in the case of such an employee to whom a work period of at least 7 but less than 28 days applies, in his work period the employee receives for tours of of duty which in the aggregate exceed a numbers of hours which bears the same ratio to the numbers of consecutive days in his work period as 216 hours (or if lower, [the average number of hours as determined by the Secretary]) bears to 28 days,
>
> compensation at a rate not less than one and one-half times the regular rate at which he is employed.

Regulations promulgated by the Secretary under this statute become, in effect, part of the statute. *Wirtz v. Keystone Readers Service, Inc.*, 418 F.2d 249 (5th Cir.1969).

The regulation relevant to the disposition of this action is 29 C.F.R. § 553.15(b).[1] Section 553.15(a) provides that if the 29 U.S.C. § 207(k) partial overtime pay exemption is used, sleep and meal time cannot be excluded from compensable hours of work when the employee is on duty for 24 hours or less. However, § 553.15(b) provides:

> (b) Sleep and meal time may, however, be excluded in the case of fire protection or law enforcement employees who are on duty for more than 24 hours, but only if there is *an express or implied agree-ment between the employer and the employees* to exclude such time....

29 C.F.R. § 553.15(b) (emphasis added).

This court must decide whether an express or implied agreement between the plaintiffs and the defendant was reached. The defendant argues that an express agreement by the plaintiffs to exclude sleep and meal time exists, by operation of state law, because the arbitrator accepted the defendant's final offer containing this exclusion at the conclusion of mandatory interest arbitration proceedings. The defendant argues that the union voluntarily participated in these proceedings and cannot object to the outcome.

The plaintiffs respond that the union invoked the impasse arbitration proceedings before the defendant proposed the extended shift and change in overtime calculations and that the proceedings required the arbitrator to accept the defendant's or the union's final offer without modification. The plaintiffs argue, therefore, that the impasse proceedings operated to exclude sleep and meal time without the agreement of the firefighters and are preempted by the FLSA. Moreover, the plaintiffs argue that the union cannot agree to waive the individual firefighter's FLSA rights.

This court believes that Wisconsin's impasse arbitration procedures cannot be used to obtain an implied or express agreement to exclude sleep and meal time as compensable hours for purposes of calculating overtime. Wis.Stat. § 111.77 provides in pertinent part:

> (3) Where the parties have no procedures for disposition of a dispute and an impasse has been reached, either party may petition the commission to initiate compulsory, final and binding arbitration of the dispute....
>
> (4) There shall be 2 alternative forms of arbitration:
>
> (a) *Form 1.* The arbitrator shall have the power to determine all issues in dis-

---

1. Effective July 1, 1987, 29 C.F.R. § 553.15(b) was changed to 29 C.F.R. § 553.222(c) and 553.-223(d). The revised regulations, although reworded, are identical in effect to 29 C.F.R.

§ 553.15(b). The court will refer to § 553.15(b) in the text of this opinion since § 553.15(b) was in effect during the relevant time period.

pute involving wages, hours and conditions of employment.

(b) *Form 2*. The commission shall appoint an investigator to determine the nature of the impasse.... Neither party may amend its final offer [after the investigation has closed], except with the written agreement of the other party. The arbitrator shall select the final offer of one of the parties and shall issue an award incorporating that offer without modification.

Therefore, it is possible for one party to invoke the impasse procedures over the objection of the other party, and it is possible for the arbitrator to adopt the final offer of one party over the objection of the other party.

In this case it was the union that invoked the impasse procedure. However, at the time the procedure was invoked, the defendant had not proposed extending the firefighters' shift to 24 hours and 10 minutes to enable the defendant to exclude sleep and meal time as compensable hours for overtime. This proposal was made in the defendant's final offer which was subsequently adopted by the arbitrator without modification as required by Wis.Stat. § 111.77(4)(b). The union and the individual firefighters strongly objected to this proposal. In light of the strong objection voiced by the union and the individual firefighters, this court cannot find that an express or implied agreement to exclude sleep and meal time as compensable hours for calculating overtime was ever reached.

The federal regulations which provide for an express or implied agreement between the city and the firefighters to exclude sleep and meal time as compensable hours for calculating overtime do not define what is meant by an express or implied agreement. However, this court believes that the record must contain some evidence that the individual firefighters voluntarily agreed to the exclusion. No such evidence is found in this record.

▮ In this case, the Wisconsin impasse procedure operated to exclude sleep and meal time hours over the individual firefighters' express objections. As such, the impasse procedure is preempted by Federal regulations requiring the individual firefighters to expressly or impliedly agree to the exclusion.

This court's interpretation of the federal regulations as requiring the individual firefighters to voluntarily consent to the exclusion is consistent with the purpose behind the FLSA. "[T]he FLSA was designed to give specific minimum protections to individual workers and to ensure that each employee covered by the Act would receive '[a] fair day's pay for a fair day's work' and would be protected from the evil of 'overwork as well as underpay.'" *Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444, 67 L.Ed.2d 641 (1980) (quoting *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 578, 62 S.Ct. 1216, 1220, 86 L.Ed. 1682 (1942), and 81 Cong.Rec. 4983 (1937) (message of President Roosevelt)).

The defendant contends that the firefighters impliedly consented to the exclusion of sleep and meal time as compensable hours for purposes of overtime when the union submitted the matter to arbitration and failed to appeal the arbitrator's decision. It is the individual firefighters and not the union who possess the FLSA rights at issue in this action, and only the individual firefighters can agree to exclude sleep and mealtime as compensable hours for overtime. There is no evidence that the individual firefighters ever agreed to the exclusion or empowered the union to make such an agreement on their behalf. The plaintiffs' motion for summary judgment will therefore be granted.

Plaintiffs have asked for a permanent injunction against the defendant, as well as back pay and liquidated damages. The defendant seems to dispute the amount of damages the plaintiff is entitled to. Based on the submissions to date, this court cannot determine whether the facts relevant to the issue of damages are disputed and the parties have not fully addressed the issue. Therefore, the court will hold a conference call to schedule the case for resolution of the damages issue.

IT IS ORDERED that plaintiffs' motion for summary judgment is granted.

IT IS FURTHER ORDERED that a telephonic scheduling conference on the issue of damages will be held at 9:15 a.m. on Wednesday, September 21, 1988. Please be available at that time.